IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


FRANCISCO RODRIGUEZ,

       Petitioner,

v.                                          CIV 08-0987-JB-GBW

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO, Gary King,

       Respondent.


**PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

      This matter is before the Court on Francisco Rodriguez' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed October 23, 2008 (*Doc. 1*); Respondent's answer, filed January 21, 2009 (*Doc. 7*); Respondent's Motion to Dismiss, filed January 23, 2009 (*Doc. 8*); and Petitioner's Response in Opposition to Respondent's Motion to Dismiss, filed February 3, 2009 (*Doc. 10*). Because he filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case. *E.g., Abdul-Kabir v. Quarterman,* 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons,* 531 F.3d 1306, 1319 (10th Cir. 2008). All of the issues can be resolved on the record before me, and, therefore, an evidentiary hearing unnecessary. *Sandoval v.*

*Ulibarri*, 548 F.3d 902, 915-16 (10th Cir. 2008). Because Rodriguez has not met the "in custody" requirement and his petition was untimely, I recommend the petition be dismissed.

**PROCEDURAL BACKGROUND**

On May 7, 2003, Mr. Rodriguez was arrested and charged by the State of New Mexico with Possession of a Controlled Substance, to wit: Cocaine in violation of § 30-31-21D, N.M.S.A. 1978. *Doc. 1* at 1. He was subsequently released on bail. *Id.* Thereafter, on June 13, 2003, while the above-referenced cause was still pending, he was arrested and charged with Abandonment or Abuse of a Child, Aggravated Assault Against a Household Member, and Battery Upon a Household Member in violation of §§ 30-6-1D, 30-3-13(1), and 30-3-15, N.M.S.A., 1978. *Id.* at 2. In both of these cases, he was represented by retained counsel, Luis B. Juarez. *Id.*

On November 14, 2003, Mr. Rodriguez pled guilty pursuant to a written plea and disposition agreement to the possession of cocaine charge. *Id.* He was sentenced to 18 months imprisonment. *Id.* All but six months of this sentence was suspended, and the balance was to be served on supervised probation. *Id.* At the conclusion of this sentence, Mr. Rodriguez was to serve one year of statutory parole. *Id.*

Thereafter, on November 18, 2003, he pled guilty, once again pursuant to a written plea and disposition agreement, to Abandonment or Abuse of a Child. *Id.* He

was sentenced to a term of 18 months imprisonment.  *Id.*  All but six months of this sentence was suspended, and the balance was to be served on supervised probation.  *Id.*  This sentence was also to be followed by one year of statutory parole and was ordered to run concurrent with the sentence imposed for drug possession.  *Id.* at 3.  The remaining charges were dismissed.  *Id.*

On December 18, 2003, Mr. Rodriguez filed a Notice of Appeal to the New Mexico Court of Appeals in his drug possession case.  *Id.*  During his appeal, he was represented by C. Barry Crutchfield.  *Id.*  However, soon after the Notice of Appeal was filed, Rodriguez was seized by the United States Department of Homeland Security, and deported from the United States on January 29, 2004.  *Id.*  Thereafter, on February 5, 2004, and in Mr. Rodriguez' absence, Mr. Crutchfield filed a document entitled "Notice of Dismissal of Appeal" with the Fifth Judicial District Court requesting that Mr. Rodriguez' appeal be dismissed.  *Id.*  No further action was taken by Mr. Rodriguez, he claims, because of his forced absence from the United States and his inability to consult with his appellate attorney.  *Id*.

On July 26, 2005, Mr. Rodriguez filed a Petition for a Writ of Habeas Corpus with the Fifth Judicial District Court complaining of ineffective representation by his trial counsel, Luis B. Juarez.  *Id.*  The trial court ordered the Petition dismissed on January 31, 2006.  *Id.*  Mr. Rodriguez appealed this Order to the New Mexico Supreme Court, and

on April 25, 2006, the Supreme Court entered an Order remanding the matter to the Fifth Judicial District Court for an evidentiary hearing. *Id.* After a series of continuances requested by Respondent, the evidentiary hearing was finally conducted on October 2, 2006. *Id.* After this hearing, the trial court again ordered Mr. Rodriguez' Petition dismissed. *Id.* Mr. Rodriguez again filed a Petition for a Writ of Certiorari to the New Mexico Supreme Court, and the Writ was issued March 2, 2007. *Id.* On March 15, 2007, the New Mexico Supreme Court placed the matter on the General Calendar and ordered that all issues be briefed. *Id.* On November 1, 2007, the New Mexico Supreme Court entered an Order quashing the writ. *Id.*

As of October 23, 2008, the date of filing his federal habeas petition, Mr. Rodriguez was out of prison and had completed his term of parole. *Id.* However, as a direct and proximate result of his conviction, he has been deported from the United States and is barred from re-applying to enter legally. *Id.* at 4. Mr. Rodriguez asserts that these circumstances render him "in custody" for the purpose of federal habeas jurisdiction. *Id.* Petitioner also asserts that his petition is timely and that he is entitled to relief because the evidence adduced at the state evidentiary hearing shows that he was denied effective assistance of counsel at the time he entered his guilty pleas. *Id.*

Respondent asserts that (1) because Mr. Rodriguez was out of prison (indeed, out of the country) and had completed the term of his parole at the time he filed his

4

petition, he has failed to meet the "in custody" requirement of U.S.C. §2254. Furthermore, Respondent argues that (2) the petition is untimely, and (3) there is no cognizable claim because AEDPA requires federal courts to give deference to state fact-finders, and Petitioner has failed to show how the state court's analysis of his ineffective assistance of counsel claim was unreasonable. *Doc. 8*.

### DISCUSSION

*Petitioner Is Not "In Custody":*

The first issue is whether petitioner's deportation constitutes custody for the "in custody" requirement set out in 28 U.S.C. §2254(a). The statute directs courts to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id*. The Supreme Court has clarified that "the statute does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted." *Carafas v. LaVallee* 391 U.S. 234, 238-239, (1968).

When analyzing whether a petitioner has met the in custody requirement, the Tenth Circuit has considered the degree to which the government action at issue places "restraints on his liberty." *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994). While the Tenth Circuit does not appear to have direct precedent on the issue of

whether deportation constitutes custody, the Ninth Circuit has explicitly held that deportation does not establish custody:

> ...[Petitioner] sought to file an amended petition nearly a month after he was released from custody and deported to Somalia. As [Petitioner] was no longer "in custody" within the meaning of 28 U.S.C. § 2254 when he attempted to amend his petition, his petition was moot and there was nothing to amend.

*Abdala v. I.N.S.* 488 F.3d 1061, 1065 (9th Cir. 2007)

The State argues that Petitioner is not in custody and cites *Lackawanna v. Coss*, 532 U.S. 394, 401 (1991) as authority for its position. *Lackawanna* explains that a petitioner cannot bring a federal habeas petition "directed solely at" convictions for which he has already fully served his sentence. *Id.* It does not address whether deportation itself establishes restraints on a petitioner's liberty such as to constitute custody.

Petitioner urges the Court to find that deportation does constitute custody because deportation is a "direct and mandatory" collateral consequence of the conviction, and, as such, it is sufficient to render Rodriguez "in custody." Counsel points the court to *Carafas v. LaValle*, 391 U.S. 234 (1968). In *Carafas*, the petitioner filed his habeas application while he was incarcerated pursuant to the sentence he sought to attack, but his sentence expired and he was discharged from custody while his appeal from the denial of habeas relief was pending before the Supreme Court. *Id*. at 235-36. The State argued that the unconditional discharge rendered the case moot. *Id*. at 237.

The Supreme Court rejected the State's mootness argument and held that Petitioner's subsequent discharge did not terminate his ability to seek habeas relief. *Id*. at 237-42.

The Court's later refinement of *Carafas*, however, makes it clear that Petitioner cannot use its holding to support his argument that deportation satisfies the in custody requirement. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). In *Maleng*, the Court explained its decision in *Carafas* as follows:

> We went on to say, however, that the unconditional release raised a "substantial issue" as to the statutory "in custody" requirement. While we ultimately found that requirement satisfied as well, we rested that holding *not* on the collateral consequences of the conviction, but on the fact that the petitioner had been in physical custody under the challenged conviction at the time the petition was filed. The negative implication of this holding is, of course, that once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.

490 U.S. at 491-92 (internal citations omitted). Rodriguez acknowledges that the terms of his sentence expired before he filed his federal habeas petition, and he relies solely on the collateral consequences exception to establish that he was in custody. Under *Maleng*, the collateral consequence of Petitioner's deportation does not satisfy the in custody requirement of 28 U.S.C. §2254(a).

*The Petition Is Untimely:*

AEDPA, codified in part as 28 U.S.C. § 2244(d)(1), established a one year statute

of limitations for bringing habeas petitions pursuant to 28 U.S.C. § 2254. The statute begins to run from the latest of four possible time periods. *See* 28 U.S.C. § 2244(d)(1). For this petition, the statute of limitations began to run the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review. 28 U.S.C. § 2244(d)(1)(A). The one year statute of limitations is tolled during the time in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

Here, Rodriguez' sentence became final when his attorney dismissed his appeal on February 5, 2004. The one-year period for AEDPA is calculated using the "anniversary method" so, absent tolling, the latest date the federal petition could have been timely filed was on or before February 5, 2005.[1] There was no further action by Petitioner, however, until July 26, 2005, the date he filed his state petition for habeas corpus. *(Doc. 1* at 3*)*. That petition was ultimately quashed by the New Mexico

---

[1] *See United States v. Hurst,* 322 F.3d 1256, 1861-62 (10th Cir. 2003) ("anniversary date" for filing federal petition is same date, only one year later, as the date time for filing petitioning Supreme Court for certiorari expires, regardless of leap year; May 18, 1999 and May 18, 2000); *Gunderson v. Abbott,* 172 F. App'x 806 (10th Cir. 2006) (January 27, 1997 and January 27, 1998); *but see Robinson v. Golder,* 443 F.3d 718, 719-20 (10th Cir. 2006) (citing *Hurst* anniversary/leap year rule but stating: "[b]ecause Mr. Robinson's conviction became final on October 4, 1999, Mr. Robinson had one year from that date, until October 5, 2000, to file a federal habeas petition."); *Pratt v. Mullin,* 175 F. App'x 247, 249 (10th Cir. 2006) (adding additional time to initially-calculated deadline because of leap year).

Supreme Court on November 1, 2007. *Id.* Rodriguez' federal petition was filed on October 23, 2008. *Doc. 1.*

Since Petitioner did not file his state habeas petition until 171 days after the AEDPA limitations period had ended, the time his state habeas petition was pending does not toll the limitations period. *See Mendoza v. Howard*, 194 Fed. App'x 531, 532-33 (10th Cir. 2006); *E.g., Laurson v. Leyba,* 507 F.3d 1230, 1232 (10th Cir. 2007) ("Although the one-year period is tolled while state postconviction review is pending, *see* 28 U.S.C. § 2244(d)(2), the one-year period had long expired before Mr. Laurson filed for state postconviction relief in December 2001."); *Barrientos v. Hightower,* 34 Fed. App'x 611, 612 (10th Cir. 2002) ("A second application for state post-conviction relief, filed on July 3, 2000 did not toll the limitations period because it was filed after the AEDPA's one-year limitation period expired."). Consequently, Rodriguez' federal petition was more than 45 months late. Even if one did exclude the time that Rodriguez' state habeas petition was pending, Rodriguez would still be 527 days (or 1 year, 162 days) late filing his federal petition. Thus, his petition is untimely and time-barred.[2]

---

[2] Petitioner argues that his writ was timely filed because New Mexico does not have a one year statute of limitations for habeas petitions. Although New Mexico's extended time for filing may render Rodriguez' *state* habeas petition timely, it does nothing to extend the deadline for filing a federal habeas petition.

*Equitable Tolling Does Not Apply:*

Rodriguez asserts, in the alternative, that the petition meets the requirements for equitable tolling such that his petition is not time-barred. The only ground he asserts for equitable tolling is his alleged innocence.

The one year AEDPA statute of limitations is not jurisdictional and may be equitably tolled, but equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F. 3d 799, 808 (10th Cir. 2000).[3] One of the few specified situations that meets the *Gibson* standard is where the petitioner is actually innocent. *Id.* To be

---

[3] Generally, equitable tolling is only available when petitioners "diligently pursue" their federal habeas claims. *Gibson*, 232 F.3d at 808. However, it is unclear whether Tenth Circuit precedent requires "diligence" where the ground asserted for equitable tolling is actual innocence. *See e.g. Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)(stating that "[g]enerally," equitable tolling requires both a showing of diligence and extraordinary circumstances, but not elaborating on what exceptions there may be to the general rule.); *Gutianez v. Parker* 237 F. App'x. 349, 352 (10th Cir. 2007)("To equitably toll the AEDPA statute of limitations, however, claims of actual innocence must be diligently pursued."); *But cf. Edwards v. Keith*, 276 F. App'x. 768, 769-770 (10th Cir. 2008)("The limitations period may be equitably tolled if a petitioner 'diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control,' **or** if the petitioner is actually innocent." emphasis mine, internal citations omitted); *Loving v. Mahaffey*, 27 F. App'x. 925, 926 (10th Cir. 2001)(separating Petitioner's innocence claim from his other alleged grounds for equitable tolling and applying the diligence test only to the other grounds).

If diligence is required to receive equitable tolling for claims of actual innocence, there would be yet another reason to reject Petitioner's equitable tolling argument given that he waited four years to file his federal habeas petition. *See Gutianez*, 237 F. App'x. at 352 (finding lack of diligence where petitioner waited eight months after the federal deadline to file for federal habeas relief).

eligible for equitable tolling under this theory, petitioners must meet a high standard:

> To take advantage of the "actual innocence" gateway, a habeas petitioner must "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error...." The petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." This new evidence must be sufficient to "show that it is more likely than not that **no reasonable juror** would have convicted [the petitioner] in light of the new evidence."

*Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007) (quoting *Schlup v. Delo*, 513 U.S. 298, 316-27 (1995)) (emphasis added).

In this context, "new" evidence is evidence not known to the petitioner at the time he entered his plea. *O'Boyle v. Ortiz*, 242 F. App'x. 529, 531 (10th Cir. 2007).[4] Moreover, Petitioner bears the burden of demonstrating that equitable tolling is appropriate. *Diaz v. Milyard*, 314 F. App'x. 146, 148 (10th Cir. 2009) (citing *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)). Equitable tolling based upon alleged innocence may be appropriate even where the petitioner pled guilty and waived his right to a trial,[5] but his burden to substantiate his claim is heavier. *See Loving v.*

---

[4] This Court notes that unpublished opinions, even within the Tenth Circuit, are not binding precedent. They can, however, be persuasive because of their reasoned analysis. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008).

[5] The Tenth Circuit has entertained an equitable tolling argument due to alleged innocence even where the petitioner pled guilty in several cases. *See e.g. Laurson v. Leyba* 507 F.3d 1230, (10th Cir. 2007); *Edwards v. Keith*, 276 F. App'x. 768 (10th Cir. 2008);

11

*Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001)("[Petitioner's] conclusory claim of actual innocence, especially in light of his plea of guilty in open court, is insufficient to entitle him to equitable tolling."(citing *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal....")).

Rodriguez has not met his burden of showing that equitable tolling is appropriate based upon new evidence of actual innocence.  In his petition, he admits to threatening his wife with a knife, apparently while his 10-year-old daughter was in the vicinity.  *Doc. 1* at 6.  Ms. Rodriguez called the police and told them her husband "had a knife and that he had pointed the knife at her head and was 'jabbing' it at her."  *Id*. at 5.  Ms. Rodriguez stated that she feared for her life and the life of their daughter.  *Id.*  Additionally, Petitioner admits that his daughter told the police that she feared for her life.  *Id.*   Petitioner, however, makes much of the fact that his daughter did not allege any threatening acts directed specifically toward her.  *Id* at 5-6.

In Petitioner's Response to the state's Motion to Dismiss, Rodriguez asserts that "prior to pleading guilty, the original complaining witness in this case is asserting that

---

*O'Boyle v. Ortiz*, 242 F. App'x. 529 (10th Cir. 2007); *Gutianez v. Parker*, 237 F. App'x. 349 (10th Cir. 2007); *Garrett v. Howard*, 205 F. App'x 682 (10th Cir. 2006); *Hall v. Ward*, 117 F. App'x. 18 (10th Cir.  2004); *Loving v. Mahaffey*, 27 F. App'x 925 (10th Cir.  2001).

she was not being truthful when she made her initial complaint to the Hobbs Police Department." *Doc. 10* at 4. The Court understands this sentence to mean that Ms. Rodriguez recanted her allegations of domestic violence before Petitioner pled guilty.[6]

Mr. Rodriguez then goes on to assert: "Moreover, there was an abundance of motive evidence on the part of the complainant to fabricate the charges. Under the facts of his case, it is more likely than not that a reasonable jury would have found Mr. Rodriguez not guilty had he elected to go to trial." *Id.*

Neither of these categories of evidence were "not known to the petitioner at the

---

[6] It is hard to parse the grammar in this sentence; the verb tenses do not match, and the subject of the sentence is unclear. The full sentence reads: "As noted in his original petition, prior to pleading guilty, the original complaining witness in this case is asserting that she was not being truthful when she made her initial complaint to the Hobbs Police Department." Presuming the complaining witness herself was not pleading guilty to any offenses, this statement appears to claim that, prior to Petitioner's guilty plea, Ms. Rodriguez asserted that she had lied about the domestic violence incident. Although this reading might conflict with the present tense phrase "witness ... is asserting," there is no other construction by which to give effect to the phrase "prior to pleading guilty," which must modify *some* segment of the sentence. Clearly, Petitioner could not have noted anything in his original petition "prior to pleading guilty." Thus, the prepositional phrase must modify the last clause of the sentence, placing the witness' action (asserting) in the past (before Rodriguez pled guilty) despite Counsel's use of the present participle ("is asserting").

Reading the sentence this way has the added benefit of harmonizing the statement with the petition as a whole: Rodriguez is asserting ineffective assistance of counsel as the ground for his habeas relief, and he claims his lawyer encouraged him to plead guilty in the face of exculpatory evidence. Thus, it would make sense for the petitioner to highlight that Ms. Rodriguez allegedly recanted her allegations prior to his guilty plea.

13

time he entered his plea" and are therefore not "new" as required to obtain equitable tolling. *O'Boyle*, 242 F. App'x. at 531 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner's claim that his wife recanted her claim of domestic violence *before Petitioner even pled guilty* is, by his own admission, not new. With respect to Petitioner's only other allegation of exculpatory evidence – conclusory statements about the "abundance of motive evidence" – Petitioner does not make, and the circumstances do not support, the allegation that these motives were discovered after his guilty plea.

Not only is Petitioner's allegedly exculpatory evidence not new, it also falls well short of convincing this court that "it is more likely than not that **no reasonable juror** would have convicted [the petitioner] in light of" this evidence. *Cummings*, 506 F.3d at 1233 (emphasis added). Moreover, guilty pleas complicate later allegations of innocence. The case of *Garrett v. Howard,* 205 F. App'x. 682 (10th Cir. 2006) is particularly instructive for the instant petition. In *Garrett*, the petitioner pled guilty in state court to two counts of injury to a minor child. *Id*. at 684. After the expiration of the one-year limitations period, he filed for federal habeas relief. *Id.* He claimed, as does Rodriguez, that his limitations period should be equitably tolled based on actual innocence. *Id.* The petitioner argued that the actions that formed the basis for the two counts of injury to a minor child were exempted from criminal sanction by a state statute which declared that an adult is allowed to use "ordinary force as a means of

14

discipline, including but not limited to spanking, switching or paddling." *Id.* The *Garrett* court rejected this argument for actual innocence, explaining that:

> The factual question of whether Mr. Garrett's actions amounted to "ordinary force as a means of discipline" was ripe for disposition at a trial. However, Mr. Garrett waived his right to trial by pleading guilty, and the sentencing judge must necessarily have concluded that the facts Mr. Garrett admitted exceeded "ordinary force." Mr. Garrett has not demonstrated a substantial likelihood that he is actually innocent.

*Id.*

Rodriguez' argument for actual innocence similarly fails. Just as the petitioner in *Garrett* pled guilty to Injury of a Child, Rodriguez pled guilty to Abandonment or Abuse of a Child. In the state of New Mexico, at the time of the incident, one could be convicted under N.M.S.A. 1978 §30-6-1, "Abandonment or Abuse of a Child," if he at least negligently caused or permitted a child to be placed in a situation that may endanger the child's life or health. *Id*. at §30-6-1(D)(1). In *Garrett*, the petitioner had an affirmative defense: that he had the right to use "ordinary force" as a means of discipline, and that his actions fell within the boundaries of that affirmative defense. 205 F. App'x. at 684. Rodriguez' argument, cast in the light most favorable to him, seems to be that, because there was no evidence that any threats or violence were directed specifically at his daughter, his behavior did not rise to the level of "endanger[ing]" her "life or health." Like the petitioner in *Garrett*, however, Rodriguez "waived his right to trial by pleading guilty, and the sentencing judge must necessarily

15

have concluded that the facts [Petitioner] admitted" constituted the crime of which he was convicted. *Id.* Therefore, Mr. Rodriguez "has not demonstrated a substantial likelihood that he is actually innocent." *Id.*

Consequently, Mr. Rodriguez' argument for equitable tolling must be rejected for two reasons: (1) the evidence he presents is not "new;" and (2) the evidence does not demonstrate that it is more likely than not that no reasonable juror would have convicted him in light of this evidence. Without the equitable tolling, his petition is time-barred as described above.

## CONCLUSION

Rodriguez' petition fails on two grounds. First, it was not filed while Petitioner was in custody as required in 28 U.S.C. §2254(a). Second, it was untimely and Petitioner is not entitled to equitable tolling.[7]

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

Respondent's Motion to Dismiss be GRANTED except that the dismissal be without prejudice.[8]

---

[7] Respondent argued a third basis for dismissal regarding the required deference to the state fact-finders, but the court need not reach that argument given these two independent bases for dismissal.

[8] As discussed above, Petitioner was not in custody at the time he filed for federal habeas relief. Therefore, the Court lacks subject matter jurisdiction. *See Maleng,* 490

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

---

U.S. at 494.  Although Respondent requests a dismissal with prejudice, the cause should be dismissed without prejudice because of this lack of subject matter jurisdiction.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216, 1218 (10th Cir. 2006).